IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Jose De Jesus Cortes | ) | No. 12-B-43433 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge: Carol A Doyle |
| | ) | |

TO: Attached Service list

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on July 9, 2014 at 10:30 a.m., or as soon thereafter as counsel may be heard, we will appear before the Honorable Carol A Doyle, United States Bankruptcy Judge, in Courtroom 742 of the Everett McKinley Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois, and shall then and there present the attached Motion Of Reorganized Debtor For Entry Of Final Decree, a copy of which is hereby served upon you.

/s/O. Allan Fridman

## **CERTIFICATE OF SERVICE**

O. Allan Fridman, an attorney, certifies that on July 2, 2014, he caused the foregoing Motion Of Reorganized Debtor For Entry Of Final Decree to be filed electronically. Notice of this filing was sent in the manner indicated.

/s/O. Allan Fridman

O. Allan Fridman
Wallach Michalec Fridman PC
321 N Clark 5th Floor
Chicago, IL 60654
Tel: 847-412-0788
Attorney Code: 6274954

SERVICE LIST

By ECF Filing and Mail

Patrick S Layng,
Office of the U.S. Trustee Region 11
219 S Dearborn St Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Jeffery Snell
Office of the U.S. Trustee
219 S Dearborn St
Chicago, Illinois 60604
Jeffery.snell@usdoj.gov

Jerry L. Switzer Jr.
Tiffany R. Harper
Polsinelli Shughart
161 N. Clark Street
Suite 4200
Chicago, Illinois  60601
jswitzer@polsinelli.com
tharper@polsinelli.com

Miriam R Stein
 Chuhak & Tecson, P.C

30 South Wacker Drive
Chicago, Illinois 60606-7512

Azteca America Bank
C/o Scott N. Schreiber
Stahl Cowen Crowley Addis LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603

DDS Real Estate LLC
C/O George Sang
Schoenberg, Finkel, Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago

Elizabeth A. Bates
Springer, Brown, Covey, Gaertner & Davis, LLC
400 South County Farm Road Suite 330
Wheaton, IL 60187
630-510-0000
ebates@springerbrown.com

By Mail

Jose De Jesus Cortes
3705 West 26th Street
Chicago, IL 60623

Jauna M Cortes
1725 S Ashland
Chicago, IL 60608

Ali Moshen
8950 S. Ashland Ave
Chicago, IL 60620

Chicago Title and trust
171 Clark
Chicago, IL 60601

Comed
P.O. Box 805379
Chicago, IL 60680-5379

Cook County Treasurer
118 North Clark Street,
Room 112
Chicago, IL 60608
f(312) 603-6717

John P. Fitzgerald, Ltd
8 South Michigan Ave
Suite 3500
Chicago, Illinois 60603

Silvia Serano
5042 W. 31 St,
Cicero, IL 60804

Sterling Valuations
120 W Madison St # 902
Chicago, IL60602-4152

Verizon Wireless-gre
PO Box 26055
Nat'l Recovery Dt M.S 400
Minneapolis, MN  55426

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Jose De Jesus Cortes | ) | No. 12-B-43433 |
| | ) | Honorable Judge Carol A Doyle |
| Debtor. | ) | |
| | ) | |
| | ) | |

**MOTION OF REORGANIZED
DEBTOR FOR ENTRY OF FINAL DECREE**

Jose De Jesus Cortes (the "Debtor") respectfully seeks the entry of a final decree closing his chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3022-1 of the Local Rules of Bankruptcy Procedure for the United States Bankruptcy Court for the Northern District of Illinois (the "Local Rules").  In support of this motion (the "Motion"), the Debtor respectfully represents as follows:

1. On October 31, 2012, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. In addition to his residence, the Debtor's primary assets as of the Petition Date consisted of her direct nine (9) parcels of income-producing real estate, most of which were encumbered by one or more mortgages.

3. On February 12, 2014, the Debtor filed her Disclosure Statement for the Debtor's First Amended Plan of Reorganization Dated February 10, 2014 [Docket No. 164] (the "Disclosure Statement").

3

4. On March 4, 2014, the Debtor filed his Seventh Amended Plan of Reorganization Dated June 16, 2014, [Docket No. 368] (as amended, the "Plan").

5. On June 25, 2014, the court entered its Order Approving the Fifth Amended Disclosure Statement for Debtor's Plan of Reorganization Dated October 22, 2014 and confirming Debtor's Plan of Reorganization Dated June 16, 2014 [Docket No. 382] (the "Confirmation Order").

## RELIEF REQUESTED

6. Section 350(a) of the Bankruptcy Code states that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. §350(a). Bankruptcy Rule 3022 implements the Bankruptcy Code's requirements, providing similarly that, "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

7. Because the Debtor's estate is fully administered, the Debtor requests entry of a final decree closing the Chapter 11 Case.

## BASIS FOR RELIEF

8. The term "fully administered" is not defined in the Bankruptcy Code or the Bankruptcy Rules, but the Advisory Committee Note to Bankruptcy Rule 3022 sets forth a nonexclusive list of factors to be considered to determine whether a case has been fully administered, including whether:

    a) the order confirming the plan has become final;

    b) deposits required by the plan have been distributed;

    c) the property proposed by the plan to be transferred has been transferred;

4

    d) the debtor or the successor to the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

    e) payments under the plan have commenced; and

    f) all motions, contested matters, and adversary proceedings have been finally resolved.

    9.    Various courts have viewed these factors as a guide for determining whether a case should be closed. See, e.g., *In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 223- 24 (Bankr. W.D.NY 1997) (closing case upon finding that case had been fully administered according to Advisory Committee Note factors); *In re Jay Bee Enters.*, Inc., 207 B.R. 536, 538- 39 (Bankr. E.D. Ky. 1997) (same). In addition to the factors set forth above, courts also have considered whether the plan of reorganization has been substantially consummated. See *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994) (considering substantial consummation as a factor); *Gates Cmty. Chapel*, 212 B.R. at 224 (same). Finally, other bankruptcy courts have further noted that entry of a final decree is appropriate to stop the accrual of section 1930(a)(6) fees. See *In re Jr. Food Mart of Ark., Inc.*, 201 B.R. 522, 524, 526 (Bankr. E.D. Ark. 1996) (closing case so "that no further [section 1930(a)(6)] fees accrue"); *Jay Bee*, 207 B.R. at 539 (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" on account of the continuing accrual of section 1930(a)(6) fees and also noting that there is "no provision of law that prevents closing a chapter 11 case before payment of the [section 1930(a)(6)] fees in question").

    10.    Although the factors set forth above are important, courts have reaffirmed the view that "these factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608, 2005 WL 1668396, *2 (Bankr. D, Del. June 24, 2005); see also In re Mold Makers, Inc., 124 B.R. 766, 768 (Bankr. ND Ill 1990) ("The Court finds the Committee Note to the new rule illuminative and

essentially adopts its language. Noteworthy, however, is that all of the factors in the Committee Note need not be present before the Court will enter a final decree.").

11. Bankruptcy courts have also held that a bankruptcy estate is "fully administered" when the Plan has been substantially consummated as defined by section 1101(2) of the Bankruptcy Code. See In re BankEast Corp., 132 B.R. 665, 668 n.3 (Bankr. D.N.H. 1991). To determine whether a bankruptcy estate is substantially consummated for the purposes of entering a final decree, a court may apply the requirements established by 11 U.S.C. § 1101(2) to the case sought to be closed. See Walnut Assocs., 164 B.R. at 492. Section 1101(2) defines substantial consummation as follows:

> (a) transfer of all or substantially all of the property proposed by the plan to be transferred;
>
> (b) assumption by the debtor or by the successor to the debtor under the plan of the business or of management of all or substantially all of the property dealt with by the plan; and
>
> (c) commencement of distributions under the plan.

11 U.S.C. § 1101(2); see also *In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (holding that case was "fully administered" notwithstanding fact that certain disbursements remained to be made); *In re Mold Makers, Inc.*, 124 B.R. 766, 768-69 (Bankr. N.D. Ill. 1990) (same); *In re Jordan Mfg. Co., Inc.*, 138 B.R. 30, 35 (Bankr. C.D. Ill. 1992) (holding that a court should not delay entry of final decree simply because all payments under the plan have yet to be made).

12. Local Rule 3022-1 requires that the party moving to close the case shall state with the notice or motion the actual status of payments due to each class under the confirmed plan. To that end, the distributions contemplated by or described in the Plan have been completed as follows:

| Class | Treatment | Status of Payments/ Dates of Distribution |
|---|---|---|
| Class 1. Allowed Secured Claim of the Real Estate Taxing Authorities secured by the Properties. | Impaired | Payments being made pursuant to terms described in the Disclosure Statement and Section 5.2 of the plan  $1,324.33 paid over 48 months in equal installments. |
| Class 2. Allowed Secured Claim of Banco | Impaired | Payments being made pursuant to terms described in the Disclosure Statement and Section 5.3 of the plan payment in the amount of  $27,376.16. |
| Class 3. Allowed Secured Claims of DDS. | Impaired | Payments being made pursuant to terms described in the Disclosure Statement and Section 5.4 of the plan in the amount of   $1938.67 |
| Class 4. Allowed Secured Claims of Azteca | Impaired | Payments being made pursuant to terms described in the Disclosure Statement and Section 5.5 of the plan in the amount of   $1,162. |
| Class 5. Allowed Secured Claims of Colfin. | Impaired | Payments being made pursuant to terms described in the Disclosure Statement and Section 5.6 of the plan in the amount of $6,000 per month |
| Class 6. All Allowed unsecured Claims against Debtor of whatever nature or description. | Impaired | Initial distribution to Class 6 of pro rata shares of approximately $4,544.60 (which exceeds amount which would be paid on account of such claims had Debtor's estate been liquidated in Chapter 7) paid on or before June 25, 2014. Pursuant to section 5.7 of the Plan, the balance of approximately $83,000 shall be paid in 36 equal monthly installments. |
| Class 7. The Allowed Claims of tenants at the Properties ("Tenants") for Security deposits delivered to the Debtor. | Unimpaired | N/A |

13. In this case, the Confirmation Order has become a final order. The transfers to Banco, DDS and Aztec and Colfin and the Class 1 and 6 creditors on the have been made. All claims objections have been resolved. Accordingly, the estate of the Debtor has been "fully administered," and the Chapter 11 Case should be closed, as provided by the express language of section 350(a) of the Bankruptcy Code.

14. The Debtor may seek to reopen the case and pay a case opening fee should the need for a discharge pursuant to section 1141(d)(5) of the Bankruptcy Code be necessary at a future date after completion of the plan payments.

15. The Debtor entered into a court approved settlement Agreement wherein he agreed to pay Colfin a reduced release fee in exchange for releasing its lien on the property at 1725 Ashland, Chicago by August 31, 2014. The Debtor has attempted to find conventional financing and has been considered for loans but because of the bankruptcy the banks have not been able to approve the loan. Upon entry of the final decree the Debtor will be able to refinance the Ashland property with conventional financing and thereby fulfill his obligations under the settlement agreement and Plan. Without the final decree it is unlikely the Debtor will be able to secure the conventional financing for the Ashland Property.

## NOTICE

16. Notice of this Motion, has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (b) counsel to the Debtor's secured lenders, and (c) all creditors. In light of the nature of the relief requested herein, the Debtor submits that no further notice of the Motion is necessary or required.

17. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that this Court (a) enter a final decree, substantially in the form attached hereto, closing the Chapter 11 Case; and (b) grant such other and further relief as is necessary and proper.

    Respectfully Submitted,

    Jose De Jesus Cortes

    By: /s/ O. Allan Fridman

O. Alan Fridman
Wallach Michalec Fridman PC
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
847-412-0788 6274954