IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Jose De Jesus Cortes | ) | No. 12-B-43433 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge: Carol A Doyle |

**NOTICE OF MOTION**

**To: Attached Service List**

PLEASE TAKE NOTICE that on July 16, 2014 at 10:30 a.m., or a soon thereafter as Counsel may be heard I shall appear the Honorable Judge Carol A Doyle in courtroom 742 of the United States Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois shall there and then present FINAL APPLICATION OF O. ALLAN FRIDMAN FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF COSTS AS DEBTOR'S Counsel, a copy of which is attached to this Notice and hereby served upon you.

/s/    O. Allan Fridman

**CERTIFICATE OF SERVICE**

I, O. Allan Fridman, hereby certify that I caused a copy of the following documents that were filed with the Clerk of the Bankruptcy Court on July 9, 2014:

    1. FINAL APPLICATION OF O. ALAN FRIDMAN FOR ALLOWANCE OF INTERIM FEES AND REIMBURSEMENT OF COSTS AS DEBTORS' Counsel
    2. COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION
    3. NOTICE OF HEARING ON FEE APPLICATIONS TO ALL CREDITORS
to be served on the parties listed on the attached Service List by the Court's ECF system and/or fedex, on June 12, 2014.

/s/    O. Allan Fridman

O. Allan Fridman
555 Skokie Blvd.
Suite 500
Northbrook, Illinois 60062

## SERVICE LIST

By ECF Filing and Mail

Patrick S Layng,
Office of the U.S. Trustee Region 11
219 S Dearborn St Room 873
Chicago, Illinois 60604
USTPRegion11.MD.ECF@usdoj.gov

Jeffery Snell
Office of the U.S. Trustee
219 S Dearborn St
Chicago, Illinois 60604
Jeffery.snell@usdoj.gov

Jerry L. Switzer Jr.
Tiffany R. Harper
Polsinelli Shughart
161 N. Clark Street
Suite 4200
Chicago, Illinois  60601
jswitzer@polsinelli.com
tharper@polsinelli.com

Miriam R Stein
 Chuhak & Tecson, P.C

30 South Wacker Drive
Chicago, Illinois 60606-7512

Azteca America Bank
C/o Scott N. Schreiber
Stahl Cowen Crowley Addis LLC
55 West Monroe Street, Suite 1200
Chicago, Illinois 60603

DDS Real Estate LLC
C/O George Sang
Schoenberg, Finkel, Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago

Elizabeth A. Bates
Springer, Brown, Covey, Gaertner & Davis, LLC
400 South County Farm Road Suite 330
Wheaton, IL 60187
630-510-0000
ebates@springerbrown.com

By Mail

Jose De Jesus Cortes
3705 West 26th Street
Chicago, IL 60623

Jauna M Cortes
1725 S Ashland
Chicago, IL 60608

Ali Moshen
8950 S. Ashland Ave
Chicago, IL 60620

Chicago Title and trust
171 Clark
Chicago, IL 60601

Comed
P.O. Box 805379
Chicago, IL 60680-5379

Cook County Treasurer
118 North Clark Street, Room 112
Chicago, IL 60608
f(312) 603-6717

John P. Fitzgerald, Ltd
8 South Michigan Ave
Suite 3500
Chicago, Illinois 60603

Silvia Serano
5042 W. 31 St,
Cicero, IL 60804

Sterling Valuations
120 W Madison St # 902
Chicago, IL60602-4152

Verizon Wireless-gre
PO Box 26055
Nat'l Recovery Dt M.S 400
Minneapolis, MN  55426

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re                                  )
                                       )
                                       )        Bankruptcy No. _____
                                       )
                  Debtor.               )        Chapter          _____

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____

Authorized to Provide Professional Services to: _____

Date of Order Authorizing Employment: _____

Period for Which Compensation is Sought:
From   _____, _____   through _____, _____

Amount of Fees Sought:     $_____

Amount of Expense Reimbursement Sought:    $_____

This is an:        Interim Application _____           Final Application _____

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|

Dated:  _____         _____
                                                              (Counsel)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| Jose De Jesus Cortes | ) | No. 12-B-43433 |
| | ) | |
| Debtor. | ) | |
| | ) | Honorable Judge: Carol A Doyle |

**FINAL APPLICATION OF O. ALLAN FRIDMAN FOR
COMPENSATION AND REIMBURSEMENT FOR EXPENSES FOR PERIOD
MAY 22, 2013 THROUGH JULY 9, 2014**

O. Allan Fridman counsel for Jose De Jesus Cortes, debtors and debtors in possession (collectively, the "Debtors"), pursuant to 11 U.S.C. §§ 327, 330 and 331, applies to this Court for an entry of an order: (a) allowing as First Interim compensation the amount of $42,580.00 for legal services rendered during the period May 22, 2013 through July 9, 2014 and (b) authorizing and directing the Debtors to pay the allowed fees and expenses for the period May 22, 2013 through July 9, 2014. In support thereof, Counsel respectfully states as follows:

**BACKGROUND**

1. On October 31, 2012, ("Petition Date") the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Code").

2. On December 19, 2013, this Court entered an Order approving Debtors' employment of O. Allan Fridman as Debtor's bankruptcy counsel in the Chapter 11 Cases retroactive to the Petition Date.

3. Pursuant to sections 1107(a) and 1108 of the Bankruptcy Code, the Debtors continue to operate their businesses and manage their financial affairs as debtors in possession. No trustee, examiner or committee has been appointed in these cases.

1

4. The Debtor is an individual that has been acquiring, developing and managing mixed use properties for the past 30 years. The Properties contain both commercial and residential units.

5. Primarily due to the economic downturn in 2008 and a catastrophic accident that the Debtor's Father and Mother had in Mexico in 2008 that ultimately caused their deaths, the Debtor was required to pay his parent's medical and funeral expenses. At the same time the Debtor was in the process of rehabbing the Properties. Due to a combination of this tragic accident and expending large sums in rehabbing the Properties, − along with the general real estate crisis, the Debtor became incapable of making mortgage payments on the Properties and missed approximately two payments. The Debtor continued to make payments to Banco until the Banco commenced foreclosure actions against the Properties and the Debtor in State Court ("Foreclosure Cases").

6. The Court has previously awarded Counsel attorney's fees and expenses of 36155.50, expenses awarded: $1273.00 as docket entry 170.

6. On October 22, 2014, the Debtor filed his Disclosure Statement for the Debtor's Fifth Amended Plan of Reorganization Dated February 10, 2014 [Docket No. 245] (the "Disclosure Statement").

7. On June 16, 2014, the Debtor filed his Seventh Amended Plan of Reorganization Dated February 10, 2014, as Modified March 4, 2014 [Docket No. 214] (as amended, the "Plan").

8. On June 25, 2014, the court entered its Order Approving the Fifth Amended Disclosure Statement for Debtor's Plan of Reorganization and confirming Debtor's Plan of Reorganization Dated June 16, 2014,[Docket No. 382] (the "Confirmation Order").

## Narrative Summary of Services

9. A narrative summary of the services rendered by O. Allan Fridman during the period May 22, 2013 through July 9, 2014 is set forth below. Itemized and detailed descriptions of the specific services rendered by O. Allan Fridman to the Debtors during this period are reflected on the billing

2

statements attached hereto as Exhibits A-H. The billing statements set forth the name of the attorney, the amount of time expended rendering each service, the date on which each service was rendered, a description of the service rendered and the total number of hours of services rendered by each attorney or paralegal in each category.

10. The services rendered by Counsel during the period May 22, 2013 through July 9, 2014 have been segregated into eight (8) categories as follows: (A) Case Administration; (B) Employment of Professionals; (C) Financing; (D) Relief of Stay Issues; (E) Plan / Disclosure Statement; (F) Section 363 Sale (G) Claims Admin / Creditor Issues; (H) Fee Petition.. The time expended in each billing categories is set forth below, and summarized as O. Allan Fridman 128.80 hours at $350.00 per hour.

11. The hourly rates listed above are customary and reasonable and are the same hourly rates charged to O. Allan Fridman non-bankruptcy clients for other matters.

12. The fees sought by in each of the aforesaid billing categories are summarized as follows:

| EXHIBIT | TITLE OF CATEGORY | AMOUNT SOUGHT |
|---|---|---|
| A | Case Administration | 7,105.00 |
| B | Employment of Professionals | 875 |
| C | Financing | 3815 |
| D | Relief of Stay Issues | 1260.0 |
| E | Plan / Disclosure Statement | 19600 |
| F | Section 363 Sale | 2380 |
| G | Claims Administration / Creditor Issues | 7560 |
| H | Fee Petition | 3430.00 |
|  |  |  |
|  | **Total Fees** | $45,580 |
|  | Less Credit | 2500.00 |
|  | Total | 42580.00 |

13. There has been no duplication of services. When two or more professionals participated in any activity, such joint participation was necessary as a result of either the complexity of the

3

problems involved or the need to familiarize each professional with the matters at issue so that each professional could perform further necessary work.

14. The tasks performed by Counsel in each of the listed categories and expenses incurred by Counsel are set forth in the attached exhibits and are summarized as follows:

EXHIBIT A – General Case Administration: This category includes the following: preparation of the Debtors' first day motions, attendance at court hearings relating to status; communications and meetings with Debtor and financial advisors; review of Debtors financial documents; communications with Debtors' secured lender regarding issues in case and potential settlement; and preparation of the Debtors' monthly operating reports. Counsel spent 20.3 hours of attorney time on the foregoing services for a total fee of $ 7,105.00 as is more fully described in Exhibit A.

EXHIBIT B – Employment of Professionals: This category includes the following: drafting a motion to employ appraisers; drafting a motion to employ financial advisors; and draft Fee agreement pursuant to UST comments. Counsel spent 2.5 hours of attorney time on the foregoing services for a total fee of $875.00 as is more fully described in Exhibit B.

EXHIBIT C – Financing: This category includes the following: drafting of motion for approval of debtor in possession financing and DIP financing documents; correspondence with secured lender's attorney regarding opposition to DIP financing motion; research and review of secured lender's documents; drafting motion for use of cash collateral; and other and further services relating to use of cash collateral and DIP financing issues. Counsel spent 10.9 hours of attorney time on the foregoing services for a total fee of $3815.00 as is more fully described in Exhibit C.

EXHIBIT D – Relief of Stay Issues: This category includes the following: review of the Banco Popular secured lender's motion for relief from stay; research regarding motion; conferences

to determine strategy in opposing relief from stay; draft opposition to motions for relief from stay; answering and issuing discovery on relief from stay issues, including meetings with experts, principal, review research, discussions Debtor. Counsel spent 3.6 hours of attorney time on the foregoing services for a total fee of $1260.00, as is more fully described in Exhibit D.

EXHIBIT E – Plan of Reorganization / Disclosure Statement: This category includes the following: developing a strategy to reorganize the Debtors, including analysis of plan viability compared to § 363 sale to DIP lender; meetings with Debtors' principal to discuss plan options and strategy; draft disclosure statement and plan of reorganization, responding to confirmation issues and discovery. Counsel spent 56 hours of attorney time on the foregoing services for a total fee of $19,600, as is more fully described in Exhibit E.

EXHIBIT F – Section 363 Sale: This category includes the following: preparing motions for § 363 sale to DIP lender; meetings with Debtors and realtors to discuss sale; negotiate with Buyers counsel and prospective purchase and prepare closing statements. Counsel spent 6.8 hours of attorney time on the foregoing services for a total fee of $2380, as is more fully described in Exhibit F.

Exhibit G– Claims Administration / Creditor Issues: This category includes the following: drafting a motion to establish claims bar date and attendance at hearing on the motion; communications with various creditors relating to the filing of the Debtor's petition. Counsel spent 21.6 hours of attorney time on the foregoing services for a total fee of $7560.00, as is more fully described in Exhibit H.

EXHIBIT H – Fee Petition: This category includes preliminary work on drafting the Debtor's first interim fee application. Specifically, this required review of all of the Debtor's time entries for proper categorization; review for compliance with bankruptcy and local rules; calculation of fees/professional, fees/category and hours/professional; and the initial drafting of the

5

application. Counsel spent 9.8 hours of attorney time on the foregoing services for a total fee of $3,255.00, as is more fully described in Exhibit H.

15. The Debtors Counsel respectfully submits that the fees and expense reimbursement sought herein are reasonable given the nature, extent and value of the services rendered, the quality and skill which the situation required, the costs of comparable services in other cases under Chapter 11, and that the time has been fairly and properly expended.

16. The Debtors Counsel expended a total of 127.2 hours for the services provided to the Debtors. Based on the hourly charges of Debtors Counsel set forth above, counsel requests that the Court determine and allow it $42,580.00 as compensation pursuant to Section 330 and 331 of the Bankruptcy Code. Upon this Court's granting of the Application, Counsel will be paid by the Debtor in installments as mutually agreed upon.

## APPLICABLE LEGAL STANDARDS AND CRITERIA

17. Section 330 of the Bankruptcy Code provides, in relevant part:

> (a)(1) After notice . . . the court may award to . . . a professional person employed under section 327 or 1103—
> (A) reasonable compensation for actual, necessary services rendered by . . . such person; and
> (B) reimbursement for actual, necessary expenses.
> 11 U.S.C. § 330(a)(1).

18. Pursuant to section 330, professionals applying for fees must demonstrate that their services were actual, necessary and reasonable. Bankruptcy Rule 2016, in turn, requires that [a]n entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested. * * *. . . services performed by attorneys representing Debtor must produce a benefit

6

19. In re Grabill Corp., 110 B.R. 356, 358-59 (Bankr. N.D. Ill. 1990) (Squires, J.) (citations omitted). In assessing the reasonableness of attorneys' fees under section 330, Judge John H. Squires of the Bankruptcy Court for the Northern District of Illinois considered the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. In re McNichols, 258 B.R. 892, 904-05 (Bankr. N.D. Ill. 2001) (Squires, J.).

20. Regardless of the significance of certain individual factors in determining the value of professional services, the Court should primarily focus its attention upon the reasonableness of the services provided to the estate. As the United States Court of Appeals for the First Circuit has recognized:

> [I]t is important for a court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation. It is easy to speculate that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the debtor] would not have enjoyed the success it did had its counsel managed matters differently. In re Boston and Maine Corporation, 776 F.2d 2, 10 (1st Cir. 1985) (quotations and citations omitted).

The Seventh Circuit has recognized that the appropriate measure to determine the reasonableness of attorneys' fees is the market based approach. See *Steinlauf v. Continental Illinois Corp.* (In the Matter of Continental Illinois Sec. Litig., 962 F.2d 566, 572 (7th Cir. 1992) (stating that the "object in awarding a reasonable attorneys' fee, as we have been at pains to stress, is to give the lawyer what he would have gotten in the way of a fee in an arms' length negotiation . . ."). Similarly, as one Court has reasoned, "the attorney/client relationship [i]s one in which the terms of the engagement should normally be upheld, including the fee arrangement, so as not to unduly intrude

7

upon the bargain struck between the parties who have entered into an important professional relationship." *In re Famisaran*, 224 B.R. 886, 898 (Bankr. N.D. Ill. 1998) (Squires, J.).

## APPLICATION OF RELEVANT CRITERIA
## AND STANDARDS TO THIS COMPENSATION REQUEST

21. In applying the criteria set forth above to this request for compensation, the Court should consider foremost the effort required and expended by Counsel, the reasonableness of the services rendered and the extremely good results achieved. All of the services performed by Counsel were required for the proper representation of the Debtor in this case were authorized by the Court and were performed by Counsel at the request and direction of the Debtor. Pursuant to Section 331 of the Bankruptcy Code and the generally applicable criteria of the time, nature, extent and value of the services performed, all of Counsel 's services are compensable.

22. The amount of services rendered by Counsel to achieve the results obtained for the benefit of the estate's creditors was reasonable in light of the volume and complexity of the issues involved in this case.

23. The hourly rates and hours for which compensation is sought are reasonable and appropriate. The compensation request is well within an acceptable range for comparable legal services in the Chicago metropolitan legal community and is eminently fair given the efforts required of counsel in this case, and the risk of non-payment.

## STATEMENT OF LEGAL SERVICES AND EXPENSES PURSUANT TO 11 U.S.C. § 504
## AND RULE 2016(B) OF THE RULES OF BANKRUPTCY PROCEDURE

24. No agreement exists between Counsel and any third party for the sharing of compensation received by Counsel in this case, except as allowed by the exception set forth in section 504 of the Bankruptcy Code and Bankruptcy Rule 2016 with respect to the sharing of compensation among members of counsels firm Wallach Michalec Fridman PC.

8

25. During the Application Period, Counsel has devoted 128.8 hours to represent the Debtor with respect to the categories listed in Exhibit A, and has provided the Debtor with actual and necessary legal services worth a total of at least $42,580.00 and Counsel has no billed Debtor for incurred expenses such as copying and postage.

26. A copy of the computer generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with Local Rule 5082-1, is attached hereto as Exhibit I.

### NOTICE

27. A copy of the Application has been sent to the Debtor and all parties entitled to notice via the Court's electronic notice system, including the United States Trustee and the secured creditors and creditors via fed ex. Notice of the Application and hearing date has been sent to all creditors of the estate and all parties entitled to notice. Counsel request that the Court shorten the Notice period to seven days' notice. The reason for the shortened notice is that pursuant tot eh confirmed plan the Debtor is require to refinance the property secured by Colfin's Bamo Funding's Loan by August 31, 2014. While the Debtor has approached several banks for financing the banks have been unable to refinance this property while the case is pending because of the open bankruptcy.

WHEREFORE, O. Allan Fridman, respectfully requests that the Court enter an Order:

A. Awarding it $ 42,580.00 as final compensation as set forth herein pursuant to Bankruptcy Code Section 330 and 331;

B. Granting such other and further relief as the Court deems just and proper.

By: /s/ O. Alan Fridman

O. Alan Fridman
555 Skokie Blvd. Suite 500
Northbrook, Illinois 60062
(847)4120788
6274954

9